UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBHAN YADON,<br><br>   Plaintiff,<br><br> v.<br><br>BANANA REPUBLIC,<br><br>   Defendant. | Case No. 1:24-cv-01326-KES-CDB<br><br>ORDER ON PARTIES' STIPULATED REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 15)<br><br>**2-Day Deadline** |

  Plaintiff Siobhan Yadon ("Plaintiff") initiated this action with the filing of a complaint on October 29, 2024. (Doc. 1). Plaintiff seeks damages pursuant to 47 U.S.C. § 227(b)(3) arising from Defendant Banana Republic's ("Defendant") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA). Plaintiff alleges Defendant repeatedly sent text messages to Plaintiff's cellular telephone in an attempt to solicit business from Plaintiff using an artificial or prerecorded message despite knowing it lacked consent to send such messages to Plaintiff. (*Id.*).

  Following a scheduling conference, on January 27, 2025, the Court entered the operative case management order. (Doc. 10). On June 12, 2025, Plaintiff filed a notice of settlement and requested 60 days within which "to complete the settlement and file the Stipulation for Dismissal with Prejudice." (Doc. 12). After entering an order on Plaintiff's request with an inadvertent error, on July 7, 2025, the Court ordered Plaintiff to file dispositional documents no later than August 5, 2025. (Docs. 14, 15).

1

The Court admonished: "No further extensions of the deadline will be granted to facilitate the parties' performance of their settlement agreement. See Local Rule 160(b) (requiring good cause to extend the deadline to file dispositional documents).  Failure to timely comply with this order may result in the imposition of sanctions, including financial sanctions and dismissal of the action."

Instead of timely filing dispositional documents, on August 5, 2025, the parties filed a jointly executed stipulated request to continue the deadline to August 19, 2025.  (Doc. 15).  Aside from representing that the continuance is necessary so that they may "complete the settlement" and "complete the resolution of this case," the parties provide no details as to why dismissal is not warranted today.

In this District, parties are required to file dispositional documents no later than 21 days after the filing of a notice of settlement "absent good cause."  *See* Local Rule 160.  The Court granted the parties an initial extension of time to file dispositional documents. (Doc. 14).  However, the parties' apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for any further extension. That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court.  *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

In short, as the parties have resolved their claims pursuant to an enforceable contract, the Court declines to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

The Court previously admonished the parties no further extensions of the filing deadline would be granted to facilitate performance of their settlement agreement, and separately, that they may be subject to sanctions for failure to timely comply with the Court's order to file dispositional documents. (Doc. 14).  Although it appears the parties neglected to account for these admonishments, the Court will grant a brief extension of the filing deadline but cautions the parties that any further noncompliance with the Court's orders will result in the imposition of sanctions.

///

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that Plaintiffs shall file dispositional documents no later than August 8, 2025.

Any failure by the parties to timely comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **August 6, 2025**

UNITED STATES MAGISTRATE JUDGE

3